**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAZARIO RADILLA VALDOVINOS, | Case No.  5:26-cv-01647-JLS-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

On April 3, 2026, Petitioner Nazario Radilla Valdovinos, represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd Blanche, Acting U.S. Attorney General; Jamie Rios, Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement ("ICE"); F. Semaia, Warden of Adelanto ICE Processing Center; DHS; and U.S. Department of Justice (collectively, "Respondents").  Dkt. No. 1 ("Pet.").  The same date, Petitioner filed an application for temporary restraining order, which the Court denied.  Dkt. Nos. 3, 7.  On April 6, 2026, the Court issued an order requiring Respondents to file an Answer to the Petition.  Dkt. No. 8.

///

The Petition states that Petitioner, a citizen of Mexico, was taken into ICE custody on November 3, 2025.  Pet. ¶ 46.  Petitioner is currently detained at the Adelanto ICE Detention Center in Adelanto, California, pending removal proceedings.  *Id*. ¶¶ 1, 3, 47.[1]  After his arrest and transfer to Adelanto Detention Center, ICE issued a custody determination continuing Petitioner's detention without providing him with an opportunity to post a bond or be released on other conditions.  *Id*. ¶ 47.

The Petition further states that, after the Court in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), certified a nationwide class of noncitizens who were not provided custody redetermination hearings under 8 U.S.C. §1226(a), Petitioner filed a Motion for Custody Redetermination Hearing before the Executive Office for Immigration Review ("EOIR").  Pet. ¶ 53.  The Immigration Court initially scheduled a custody redetermination hearing for April 3, 2026, but the hearing was vacated and an immigration judge denied Petitioner's motion.  *Id*. ¶ 54.  In denying Petitioner's motion, the immigration judge concluded that the court lacked jurisdiction to conduct a hearing, relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  *See* Pet. ¶ 54; *see also* Dkt. No. 1-2, Ex. C.  The immigration judge's written decision acknowledged the Court's order in *Maldonado Bautista*, but noted that a "current stay" was in effect.[2]  Pet. ¶ 55.  The decision further stated that based on the immigration judge's "independent assessment of relevant law, regulations, statutes, and caselaw," the court lacks jurisdiction over Petitioner's custody redetermination

---

[1] The publicly available ICE records reflect that the Petitioner is currently detained by ICE at the Adelanto ICE Detention Center within this District.

[2] The Petition references the Ninth Circuit's March 6, 2026 administrative stay of *Maldonado Bautista*'s declaratory judgment and correctly states that the Ninth Circuit's stay left the judgment in effect as to the Central District of California.  Pet. ¶ 43; *see also Maldonado Bautista, et al. v. United States Dep't of Homeland Sec., et al.*, No. 26-1044, slip op. at 1 (9th Cir. Mar. 6, 2026).

request. *Id*.

Petitioner alleges that his continued detention violates 8 U.S.C. § 1226(a) (Count One); DHS's and EOIR's bond regulations (Count Two); the Administrative Procedure Act (Count Three); his Fifth Amendment rights to due process (Count Four); and the Court's declaratory judgment in *Maldonado Bautista* (Count Five). *Id*. ¶¶ 56–75.  The Petition seeks relief in the form of, *inter alia*, Petitioner's immediate release or, alternatively, an order directing Respondents to provide Petitioner with a prompt custody redetermination hearing pursuant to 8 U.S.C. § 1226(a) before an immigration judge who applies the correct legal standard. *Id*. at 18–19.

Respondents filed their response on April 10, 2026 ("Answer").  Dkt. No. 10. The Answer states that Petitioner appears to be an eligible member of the Bond Eligible Class certified in *Maldonado Bautista*, and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a).  *Id*. at 3.  Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days.  *Id*.

///

///

///

///

///

///

///

///

///

///

///

3

In light of Respondents' acknowledgement that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), IT IS ORDERED that:

(1) The Petition is GRANTED as to Count One claiming a violation of 8 U.S.C. § 1226(a);

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

(3) The parties are ORDERED to file a joint status report regarding the outcome of Petitioner's bond hearing and the status of Petitioner's detention within ten (10) days of the issuance of this Order.  The status report will also address the issue of mootness.

(4) Respondents are ENJOINED from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case.

(5) Proceedings on the merits of Petitioner's underlying Habeas Petition, including as to the issue of mootness, will continue before the Magistrate Judge.

DATED:  April 13, 2026

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE